**FILED**
**NOVEMBER 6, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**07 C 6295**

| | |
|---|---|
| JOHN CHRISTENSEN ) | |
| ) | |
| Plaintiff ) | |
| v. ) | No. |
| ) | **JUDGE ANDERSEN** |
| ROGER WALKER JR., ) | **MAGISTRATE JUDGE COLE** |
| ILLINOIS DEPARTMENT OF CORRECTIONS, ) | |
| ILLINOIS PRISON REVIEW BOARD ) | |
| Defendants ) | |

## PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES the plaintiff, John Christensen, by and through his attorney, Bart E. Beals, pursuant to *28 U.S.C.A. § 2254*, and prays that this Court grant Mr. Christensen a writ of *habeas corpus*, and in support thereof states as follows:

### Background

1. Mr. Christensen, ID R55408, pleaded guilty to the unlawful use of a weapon in front of Judge Thomas P. Fecarotta's courtroom in the Circuit Court of Cook County in Rolling Meadows, Illinois.

2. Mr. Christensen was sentenced by Judge Thomas P. Fecarotta to three (3) years in the custody of the Illinois Department of Corrections (the "IDOC") on September 8, 2006.

3. Mr. Christensen did not appeal the conviction, nor has he challenged his conviction or his sentence in any collateral proceedings.

4.   He subsequently sent to the Sheridan facility where he served nine (9) months without incident and was released on June 12, 2007.

> Petitioner's Claim - The IDOC and Illinois Prison Review Board Violated Mr. Christensen's Due Process Rights

5.   Mr. Christensen was effectively convicted of violating the terms of his mandatory supervised release without due process.  Mr. Christensen was sent to an outpatient facility in Elgin, Illinois, where he had a job near the facility, however before he could enroll in that program he was taken without explanation to a ninety (90) day lock down facility that does not allow visitors or even contact with counsel, Safe Haven, which is a step "Half Back" to prison.

6.   Prior to being taken to the Safe Haven Facility, Mr. Christensen was not given notice of any alleged violations of his mandatory supervised release or notice of a hearing or given a hearing.  Under Illinois law and consistent with the principles of due process Mr. Christensen must receive a hearing before he can be punished for allegedly violating the terms of his mandatory supervised release.  He never received a hearing and the IDOC refuses to grant him a hearing.

### Exhausted Administrative Remedies

7.   According to the statutes that govern mandatory supervised release and/or parole there is no provision that allows Mr. Christensen to petition the Illinois Prison Review Board or the Illinois Department of Corrections for a hearing or preliminary hearing to determine whether he has in fact violated the terms of his mandatory supervised release.

8.      After repeated attempts by counsel for Mr. Christensen to receive a hearing, the Illinois Department of Corrections by and through counsel issued a letter that refused to grant a hearing and asserted authority to summarily revoke Mr. Christensen's liberty without warning or explanation.

9.      Illinois Habeas Corpus Statute does not apply to Mr. Christensen's situation because it is available only in very limited situations.   This interpretation of the statute was confirmed when, on November 1, 2007, Judge Thomas P. Fecarotta dismissed Mr. Christensen's Illinois Habeas Corpus application because relief is not available under the Illinois Habeas Statute.

10.  Since Mr. Christensen has already been confined to Safe Haven for sixty (60) of the ninety (90) days and since Illinois Habeas Corpus Statute does not seem to apply to Mr. Christensen's situation, no appeal of Judge Thomas P. Fecarotta's decision has been filed with the Illinois Supreme Court.

WHEREFORE, the petitioner prays that this Court order that a writ of habeas corpus issue.

/s/ Bart E. Beals_____
 Attorney for the Petitioner

Bart E. Beals
BEALS LAW FIRM
150 N. Michigan
Suite 2800
Chicago, Illinois 60601